UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| MEGAN MILLER, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:18-cv-266 |
| ABILITY RECOVERY SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMAND** |

## COMPLAINT

Now comes MEGAN MILLER ("Plaintiff"), complaining as to the conduct of ABILITY RECOVERY SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.01 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within the Southern District of Ohio.

5. Defendant is a third-party debt collector registered as a Limited Liability Company in Pennsylvania. Defendant is licensed to do business in Ohio and regularly collects upon consumers located in the state of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Defendant contacted Plaintiff by telephone in December 2017 to collect upon an alleged debt for medical services.

8. Defendant seeks to recover $226.50 from Plaintiff.

9. Plaintiff had already paid off the alleged debt. The payment had been made to Capio Partners, a business that collects medical debts.

10. Plaintiff requested verification of the alleged debt from Defendant.

11. On February 22, 2018, Defendant provided purported verification documents for the alleged debt. According to those documents, the amount of the debt is $217.50.

12. Plaintiff informed Defendant that the debt had already been paid, and that she therefore did not owe the debt.

13. Defendant continued to call Plaintiff regarding the alleged debt every few days, often from different phone numbers, for several weeks.

14. Defendant's calls included pre-recorded voice messages to Plaintiff's cell phone regarding the alleged debt.

15. Defendant left pre-recorded voicemail messages on Plaintiff's voicemail.

16. Plaintiff has never consented to receiving pre-recorded voice messages about her debt.

17. On information and reference, Defendant used an Automated Telephone Dialing System ("ATDS") to contact Plaintiff regarding the alleged debt. *See* "Ability Recovery Services LLC, A Debt Collector With a Sense of Urgency – Services," *available at* https://abilityrecoveryservices.com/services/ (last accessed Apr. 14, 2018) (stating that Defendant uses an ATDS).

18. Plaintiff never consented to Defendant contacting her by way of an ATDS.

19. On one occasion, Plaintiff informed Defendant over the phone that the debt was already paid. Defendant responded that it did not matter, and that "you still have to pay me."

20. When Plaintiff refused, Defendant indicated that it would "hit" the Plaintiff's credit report "again."

21. Defendant has also instructed Plaintiff over the telephone that the burden of proof is, legally, on her to prove that she does not owe the debt.

22. Defendant's instruction to Plaintiff was a false representation of Ohio debtor-creditor law.

23. Lastly, Defendant has also left Plaintiff a voicemail message in which Defendant indicated that it had reported to credit agencies, on March 2, that the debt of $226.50 was unpaid.

24. In the voicemail, Defendant invited Plaintiff to call Defendant back if Plaintiff wished to "fix" the credit report.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, confusion as to her legal rights, and increased usage of her telephone services.

## COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges the paragraphs above as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so. In the alternative, Defendant

is a "debt collect" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

30. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

31. The subject alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a debt for medical services.

    a. **Violations of FDCPA § 1692d(5).**

32. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." This provision further prohibits "causing a telephone to ring or engaging any person in telephone repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

33. Defendant violated § 1692d(5) when it called Plaintiff multiple times per week for several weeks, causing her telephone to ring repeatedly.

34. Defendant violated § 1692d(5) when it engaged her in telephonic conversation repeatedly with intent to annoy, abuse, or harass her.

    b. **Violations of FDCPA § 1692e(2).**

35. The FDCPA, pursuant to 15 U.S.C. § 1692(e)(2)(A), prohibits "[t]he false representation of the character, amount, or legal status of any debt."

[ 5 ]

36. Defendant misrepresented the character and legal status of the debt when it claimed that the debt was still owed by the Plaintiff.

37. Defendant misrepresented the amount of the debt when it stated that the debt was still owed.

38. Defendant misrepresented the amount of the debt when it demanded payment for $226.50, but its own verification documents reveal that the amount of the debt is $217.50.

    c. **Violations of FDCPA § 169e(5).**

39. The FDCPA, pursuant to 15 U.S.C. § 1692e(5), prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

40. Defendant violated § 1692e(5) when it threatened to "hit" Plaintiff's credit report "again." Defendant could not make any credit "hits" without a legitimate business purpose, and intimidating an alleged debtor is not a legitimate purpose.

    d. **Violations of FDCPA § 1692e(8).**

41. The FDCPA, pursuant to 15 U.S.C. § 1692e(8), prohibits "threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

42. Defendant violated § 1692e(10) when it threatened to communicate credit information it should have known was false (namely, that Plaintiff owed the alleged debt) to a credit reporting agency.

### e. Violations of FDCPA § 1692e(10).

43. The FDCPA, pursuant to 15 U.S.C. § 1692(e)(10), prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

44. Defendant violated this provision when it stated that even if Plaintiff had already paid the debt to another debt buyer, Plaintiff still had to pay the Defendant anyway.

45. Defendant violated this provision when it stated that the burden of proof would be on Plaintiff to prove she did not owe the debt.

46. Defendant violated this provision when it invited Plaintiff to engage in further communications with it to "fix" Plaintiff's credit report.

### f. Violations of FDCPA § 1692f.

47. The FDCPA, pursuant to 15 U.S.C. § 1692f(1), prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

48. Defendant violated this provision when it attempted to collect an amount that was not owed.

49. Defendant violated this provision when it sought to collect $226.50, even though, by its own records, the alleged debt could not have been more than $217.50.

50. The extra amount Defendant charged was an unauthorized fee.

51. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

## Count II – Pre-Recorded Voice Violations of the TCPA

52. Plaintiff realleges the paragraphs above as though fully set forth herein.

53. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … artificial or prerecorded voice— to any telephone number assigned to a … cellular telephone service."

54. Defendant violated this provision when it made calls using a pre-recorded voice to Plaintiff without her prior express consent.

55. The calls were for the purpose of collecting a debt, which is not an emergency purpose.

56. Defendant knew that it was using pre-recorded voice messages to contact Plaintiff, and it did so willfully.

57. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for $500.00 for each call that used a pre-recorded voice.

58. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to treble damages for any willful or knowing violations by Defendant.

## Count III – Autodialer Violations of the TCPA

59. Plaintiff realleges the paragraphs above as though fully set forth herein.

60. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an Automated Telephone Dialing System ("ATDS")

[ 8 ]

without their consent. The TCPA, under 47 U.S.C. § 227(b)(1), defines an ATDS as "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

61. According to Defendant's own website, it uses "Automated Dialers" to place its debt collection phone calls. "Ability Recovery Services LLC, A Debt Collector With a Sense of Urgency – Services," *available at* https://abilityrecoveryservices.com/services/ (last accessed Apr. 14, 2018).

62. Defendant violated the TCPA by placing numerous telephone phone calls to Plaintiff's cellular phone using an ATDS without her consent. At no time did Plaintiff give prior express consent to Defendant permitting it to contact her via an ATDS.

63. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

64. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.

65. Plaintiff further prays for treble damages for willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

## COUNT IV – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

66. Plaintiff realleges the paragraphs above as though fully set forth herein.

67. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

68. Plaintiff is a "person" as defined by R.C. 1345.01(B).

69. Defendant is a "supplier" as defined by R.C. 1345.01(C). *See Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

70. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

71. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

72. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

    a. **CSPA Claims Based on Violations of the FDCPA.**

73. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

74. Such acts and practices have been previously determined by Ohio courts to violate the CSPA. *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the

enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

75. Defendant has further committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by engaging in or using unfair means to collect a debt, namely all those means enumerated above.

76. Such acts and practices have been previously determined by Ohio courts to violate the CSPA. *See, e.g., State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, No. CV863-1158, 1986 WL 363150, at *2 (Ohio Com. Pl. Mar. 31, 1986) ("A supplier who, in its collection of consumer debts, engages in acts, the natural consequence of which is to harass consumers violates O.R.C. § 1345.02(A)"); *State ex rel. Fisher v. Lasson*, No. CV 92 10 0193, 1994 WL 912252, at *5 (Ohio Com. Pl. Oct. 14, 1994) (repetitive calls can be unconscionable).

77. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

78. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation for each and every violation.

### b. CSPA Claims Based on Violations of the TCPA.

79. Violations of the TCPA (at least to the extent that they are unfair, deceptive, or unconscionable) are violations of the CSPA. *See, e.g., Ambrose v. Prime Time Enterprises*, No. CV 04 547298, 2005 WL 646147, at *1 (Ohio Com. Pl. Feb. 23, 2005); *Tower City Title Agency, Inc. v. Phillips*, 2008-Ohio-957, ¶ 5 ("Ohio courts have found that a violation of the TCPA also results in a violation of R.C. 1345.02 of the Ohio CSPA.").

[ 11 ]

80. Defendant has violated the CSPA by using pre-recorded voice messages and an ATDS in violation of the TCPA, as outlined in the counts above.

81. Such acts and practices have been previously determined by Ohio courts to violate the CSPA. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

82. Defendant's actions were unfair, deceptive, and unconscionable under the CSPA because they were intended to harass Plaintiff and intimidate her into making payments on an alleged debt that she does not owe.

83. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation for each and every violation.

   c. **CSPA Violations Based on Unauthorized Practice of Law.**

84. Defendant, by advising Plaintiff regarding the burden of proof with respect to her alleged debt, provided her with legal advice.

85. Providing "legal advice" is, by decisions of the Ohio Supreme Court, part of the practice of law in Ohio. *See, e.g.*, *Land Title Abstract & Tr. Co. v. Dworken*, 193 N.E. 650, 652 (Ohio 1934).

86. The agent of Defendant who advised Plaintiff regarding the burden of proof was, on information and belief, not an attorney.

87. Defendant therefore engaged in unauthorized practice of law in violation of R.C. 4705.07 for the purpose of deceiving Plaintiff as to her legal rights.

88. Defendant's actions were unfair, deceptive, and unconscionable under the CSPA and violated the CSPA.

Case: 1:18-cv-00266-TSB Doc #: 1 Filed: 04/14/18 Page: 13 of 14 PAGEID #: 13

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**e.** Awarding Plaintiff damages in the amount of $500 per call made in violation of the TCPA;

**f.** Awarding Plaintiff treble damages for willful or knowing violations by Defendant of the TCPA;

**g.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

**h.** Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

**i.** Awarding Plaintiff the costs of this action; and

**j.** Awarding any other relief as this Honorable Court deems just and appropriate.

[ 13 ]

**A TRIAL BY JURY IS DEMANDED.**

Dated:  April 14, 2018

                                                          By:  s/ Jonathan Hilton

                                                          Jonathan Hilton (0095742)
                                                          HILTON PARKER
                                                          10400 Blacklick-Eastern Rd NW, Suite 214
                                                          Pickerington, OH 43147
                                                          Tel: (614) 992-2277
                                                          Fax: (614) 427-5557
                                                          jhilton@hiltonparker.com