UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MEGAN MILLER, | : | Case No. 1:18-cv-266 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ABILITY RECOVERY SERVICES, LLC, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION
TO COMPEL POST-JUDGMENT DISCOVERY
FROM DEFENDANT (Doc. 12)**

This civil action is before the Court on Plaintiff Megan Miller's ("Plaintiff") motion to compel post-judgment discovery from Defendant Ability Recovery Services, LLC ("Defendant") (the "Motion to Compel").  (Doc. 12).

**I.     BACKGROUND**

On March 15, 2019, the Court issued an Order awarding Plaintiff $22,287.00, for Defendant's violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*), the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq.*), and the Ohio Consumer Sales Practices Act (Ohio Rev. Code § 1345.01, *et seq.*).  (Doc. 9).  Thereafter, the Clerk entered a corresponding Judgment.  (Doc. 10).

On April 22, 2019, Plaintiff served post-judgement discovery requests on Defendant, seeking information regarding the existence and whereabouts of Defendant's assets.  (Doc. 12-1 at ¶ 2).  On May 8, 2019, Defendant's CFO informed Plaintiff's

counsel that Defendant had received the requests.[1]  (*Id.* at ¶¶ 4, 6).  Nonetheless, to date, Plaintiff has not received either a response or an objection to the requests.  (*Id.* at ¶ 8).

Now, in the Motion to Compel, Plaintiff asks the Court to compel Defendant to respond to the post-judgement discovery requests under Rules 69(a)(2) and 37(a)(3) of the Federal Rules of Civil Procedure.  (Doc. 12).  In keeping with its prior conduct, Defendant has not filed a response in opposition to the Motion to Compel.

## II.   STANDARD OF REVIEW

Federal Rule 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules] . . . ."  *See also United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007).

Under the Federal Rules, a party must respond to a discovery request within 30-days after its date of service.  *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2).  If a party fails to respond to an appropriate discovery request, the Court may issue an Order compelling a fulsome response.  *See* Fed. R. Civ. P. 37(a)(3); *see, e.g.*, *United States v. Thomas*, No. 4:04-CV-49, 2017 WL 571506, at *2 (E.D. Tenn. Feb. 13, 2017).

A district court enjoys broad discretion in managing discovery, and, as a result, a district court's decision to grant or deny a motion to compel is reviewed for an abuse of discretion.  *See Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993).

---

[1] To be precise, on May 8, 2019, Plaintiff's counsel received a call from an individual named Patricia Cob, who asserted that she was Defendant's CFO and confirmed that she had received the requests.  (Doc. 12-1 at ¶¶ 4, 6).

2

## III.   ANALYSIS

Here, there is no question that Plaintiff served Defendant with its post-judgement discovery requests on April 22, 2019.  (Doc. 12-1 at ¶ 2).  Nor is there any question that Defendant failed to respond to those post-judgment discovery requests within 30 days (as required).  (*Id.* at ¶ 8); Fed. R. Civ. P. 34(b)(2).  Accordingly, the Court has the discretion to issue an Order, compelling the Defendant to provide fulsome responses.  *See* Fed. R. Civ. P. 37(a)(3).  On review, the Court concludes that such an exercise of discretion is appropriate for at least two reasons.

As an initial matter, Plaintiff's requests, which seek information regarding the existence and whereabouts of Defendant's assets, constitute exactly the type of discovery requests permissible under Federal Rule 69(a)(2).  (Doc. 12-2 at 2–4); *see, e.g.*, *Aetna Grp. USA, Inc. v. AIDCO Int'l, Inc.*, No. 1:11-MC-23, 2011 WL 2295137, at *2 (S.D. Ohio June 8, 2011) (stating that it is appropriate for the judgment creditor to "obtain information [regarding] the existence or transfer of the judgment debtor's assets" in the context of post-judgment discovery requests (quotation marks and citation omitted)).

And moreover, as Defendant has failed to object to Plaintiff's requests, Defendant has waived its right to dispute the propriety of the discovery sought.  (Doc. 12-1 at ¶ 8); *see, e.g.*, *Badri v. Huron Hosp.*, No. 1:08-CV-1913, 2009 WL 10689495, at *2 (N.D. Ohio Oct. 27, 2009) (stating that "a party which fails to object to a discovery request waives any objections it might otherwise might have made" (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992))).

### IV. CONCLUSION

Based upon the foregoing, the Court concludes that Plaintiff's Motion to Compel (Doc. 12) should be and is hereby **GRANTED**.  Thus, Defendant **SHALL** respond to the post-judgment discovery requests (Doc. 12-2) **within 30 days of the date of this Order**.

Additionally, as the Court has granted Plaintiff's Motion to Compel (Doc. 12), the Court **GRANTS** Plaintiff leave to file a motion, within 30 days of the date of this Order, seeking the attorney fees incurred in bringing the Motion to Compel.  *See* Fed. R. Civ. P. 37(a)(5)(A) (stating that a party who prevails on a motion to compel discovery must be awarded the reasonable expenses incurred in bringing the motion unless the movant failed to attempt to obtain the discovery without Court intervention, the opposing party's failure to respond was substantially justified, or other circumstances make the award of expenses unjust).

Finally, the Court **DIRECTS** the Clerk to serve a copy of this Order on Defendant via certified mail.

**IT IS SO ORDERED.**

Date:     6/1/2020                                                      *s/Timothy S. Black*
                                                                                        Timothy S. Black
                                                                                        United States District Judge